RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARK WINKLER                                              06 CV 13258

                     Plaintiff,                    COMPLAINT

       -against-

METROPOLITAN LIFE INSURANCE COMPANY

                     Defendant.
-----------------------------------------------------------------X

       Plaintiff Mark Winkler, by his attorneys Riemer & Associates LLC, complaining of defendant alleges:

       1.     This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.,* to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

       2.     This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

       3.     Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in The Jack Morton Company Employee Welfare Plan (the "Plan").

5. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, Metropolitan Life Insurance Company ("MetLife") is and has been the named claims fiduciary within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7. The benefits under the Plan are furnished in accordance with and pursuant to Group Policy No. 91630-G issued by MetLife.

8. Plaintiff was employed as Senior Creative Director at The Jack Morton Company ("Company").

9. As an employee of the Company, plaintiff was provided with long term disability insurance coverage under the Plan.

10. On October 10, 2001, plaintiff was rendered totally disabled within the meaning of the Plan as a result of HIV, depression, anxiety, insomnia, fatigue and cognitive deficits.

11. MetLife denied plaintiff's claim for benefits under the Plan.

12. Plaintiff appealed MetLife's denial.

13. MetLife denied plaintiff's appeals.

14. Plaintiff has complied with and exhausted all administrative appeals under the Plan.

15. On or about December 5, 2005, plaintiff commenced an action against defendant in the United States District Court, Southern District of New York, under docket number 03 CV 9656 (SAS)(AJP), seeking long term disability benefits ("Prior Action").

16. By order dated April 18, 2005, the District Court granted summary judgment in favor of MetLife.

17. Plaintiff appealed the District Court's April 18, 2005 order.

18. By order dated March 1, 2006, the Court of Appeals for the Second Circuit reversed the district court and remanded the case back to the District Court with instructions to remand the case to MetLife for further proceedings consistent with the Second Circuit's order.

19. By order dated May 25, 2006, the District Court remanded the claim back to MetLife (the "Remand Order").

20. The Remand Order incorporated the timeframes and requirements specified in the letters of Allan M. Marcus, Esq., dated May 23 and 24, 2006.

21. In the letter of Allan M. Marcus, Esq. dated May 24, 2006, MetLife agreed to be bound by the timeframes for determining claims as specified in 29 C.F.R. 2560.503-1(f)(3) and for determining appeals as specified in 29 C.F.R. 2560.503-1(i)(3).

22. By letter dated September 19, 2006, plaintiff submitted additional materials in support of his claim in accordance with the order of the District Court and in accordance with the procedure agreed to by MetLife (the "Remand Letter").

23. Plaintiff's August 11, 2006 Remand Letter was received by MetLife on September 20, 2006, at approximately 9:30 a.m.

24. At no time did MetLife furnish to plaintiff or his attorneys a request for an extension specifying special circumstances requiring an extension of time.

25. In violation of the Department of Labor Regulations, the Remand Order and MetLife's agreement as specified in the letter dated May 24, 2006, MetLife has never issued a determination.

26. Pursuant to 29 C.F.R. 2560.503-1(l), plaintiff has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

27. Under the terms of the Plan, plaintiff is entitled to 60% of his basic monthly earnings under the Core Plan up to a maximum of $1,000, and 70% of his basic monthly earnings under the Supplemental Plan up to a maximum of $15,000.

28. From October 10, 2001, plaintiff has been totally disabled within the meaning of the Plan.

29. By failing to render a determination as to plaintiff's September 19, 2006 Remand Letter, plaintiff's remand application is deemed denied by operation of law.

30. Because plaintiff's application is deemed denied, his claim is subject to the Court's de novo standard of review.

31. Upon information and belief, MetLife has a conflict of interest.

32. Upon information and belief, MetLife's determination of plaintiff's claim for benefits was affected by its conflict of interest.

33.     Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

34.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 above.

35.     By reason of MetLife's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

## JURY DEMAND

36.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands trial by jury of all issues so triable.

WHEREFORE, plaintiff demands judgment against MetLife:

A.      For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B.      Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C.      For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D.      For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
November 15, 2006

                                      RIEMER & ASSOCIATES LLC
                                      Attorneys for Plaintiff
                                      60 East 42nd Street, Suite 2430
                                      New York, New York  10165
                                      (212) 297-0700


                                      By:_____
                                           Scott M. Riemer (SR5005)